Counsel Listed On Following Page

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN B. SOLTMAN, an individual, JOHN S. LEVITT, an individual, MARIANNE HARTSHORNE and ROBERT HARTSHORNE, as trustees of THE HARTSHORNE FAMILY TRUST, all on their own behalf and on behalf of all others similarly situated and on behalf of the general public, | **Case No.:  CV10-00612-R (RZx)** |
| Plaintiffs, | **ORDER ON STIPULATION RE: PROTECTIVE ORDER** |
| vs. | |
| JACKSON NATIONAL LIFE INSURANCE COMPANY, a Michigan Corporation; and DOES 1-10, inclusive | **Complaint** <br> **filed:  January 28, 2010** <br><br> **First Amended Complaint** <br> **filed:  April 1, 2010** |
| Defendants. | |

[PROPOSED] ORDER STIPULATED PROTECTIVE ORDER

1 | Thomas Foley, SBN 65812
Justin P. Karczag, SBN 223764
2 | **FOLEY, BEZEK, BEHLE & CURTIS, LLP**
3 | 15 W. Carrillo Street
Santa Barbara, CA 93101
4 | Telephone: (805) 962-9495
Facsimile: (805) 962-0722
5 | Email: tfoley@foleybezek.com; jkarczag@foleybezek.com
6 |
7 | Richard E. Donahoo, SBN 186957
Sarah Kokonas, SBN 262875
8 | **DONAHOO & ASSOCIATES**
9 | 440 West First Street, Suite 101
Tustin, CA 92780
10 | Telephone: (714) 953-1010
Facsimile: (714) 953-1777
11 | Email: rdonahoo@donahoo.com; skokonas@donahoo.com
12 |
13 | John A. Stillman, SBN 43731
Heidi S. Lewis, SBN 98046
14 | **GOOD, WILDMAN, HEGNESS & WALLEY**
15 | 5000 Campus Drive
Newport Beach, CA 92660
16 | Telephone: (949) 955-1100
Facsimile:  (949) 833-0633
17 | Email:  jstillman@goodwildman.com; hlewis@goodwildman.com
18 |
19 | *Attorneys for Plaintiffs and all others similarly situated*
20 |
21 |
22 | Michael J. Stortz, SBN 139386
Beth O. Arnese, SBN 241186
23 | DRINKLE BIDDLE & REATH, LLP
24 | 50 Fremont Street, 20th Floor
San Francisco, California, 94105-2235
25 | Email:  michael.stortz@dbr.com; Beth.arnese@dbr.com
26 |
27 | *Attorneys for Defendant Jackson National Life Insurance Company*
28 |

The Court, having reviewed the Parties' Stipulated Protective Order and for GOOD CAUSE, orders as follows:

1.      <u>Purposes and Limitations</u>.

Disclosure and discovery activity in this litigation are likely to involve production of confidential, proprietary, private and/or personal information of Jackson, Plaintiffs and/or other persons or entities for which special protection against public disclosure and use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, Plaintiffs and Defendant, by and through their counsel of record, hereby enter into this stipulation regarding the production and protection of such information (the "Stipulation"), and further agree to petition the Court in any of the actions to which this Agreement applies to seek entry of a Proposed Protective Order ("Protective Order") consistent with this Stipulation.

The parties acknowledge that this Stipulation, and any implementing Protective Order, does not confer blanket protections on all disclosures or responses to discovery and that the protection the Protective Order affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10 below, that this Stipulation and any Protective Order creates no entitlement to file confidential information under seal to the extent applicable local rules provide alternative mandatory procedures for filings under seal (such as, by way of example, Civil Local Rule 79-5 of the United States District Court for the Central District of California, which sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal).

2.   <u>Definitions.</u>

2.1   <u>Party</u>:   any party to this litigation, including a party who is not a natural person, the term "Party" shall include all of its or his officers, directors, and employees.

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.26(c).

2.5   <u>Receiving Party</u>:   a Party that receives Disclosure or Discovery Material from a Designating Party.

2.6   <u>Producing Party</u>:   a Party or non-party that produces Disclosure or Discovery Material in this litigation.

2.7   <u>Designating Party</u>:  a Party or non-party that designates its Disclosure or Discovery Material as "Confidential."

2.8   <u>Protected Material</u>:   any Disclosure or Discovery Material that is designated as either "Confidential."

2.9   <u>Counsel</u>:   attorneys who represent or advise a Party in this litigation (as well as their support staff), including both inside and outside counsel.

2.10   <u>Expert</u>:   a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation; and who is not a past or a current owner, officer, director, or employee of a Party and who, at the time of retention, was not anticipated to become an employee of a Party or a competitor to a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11 <u>Professional Vendors</u>:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.12   <u>Related Federal Actions</u>:   The following actions: (a) *Markowitz v. Diversified Lending Group, Inc., et al.,* United States District Court, Central District of California, Case No. 2:09-cv-00483-R; (b) *Soltman v. Jackson National Life Insurance Company et al.,* United States District Court, Central District of California, Case No. CV 2:10-00612-R; (c)  *Gill v. Friedman, et al.,* United States District Court, Central District of California, Case No. 2:10-cv-01554-R ; (d) *Kotal v. Jackson National Life Ins. Co.*, *et al.*, United States District Court, Central District of California C.A. No. 2:10-cv-06275-R; (e) *Ivie v. Diversified Lending Group, Inc., et al.,* United States District Court, Western District of Michigan, Case No. 1:09-cv-00751 (assigned to the Honorable Gordon J. Quist); and, (f) *Mirfield v. Jackson National Life Insurance Company, et al.*, United States District Court, Middle District of Florida, Case No. 6:09-cv-01905 (assigned to the Honorable Mary S. Scriven).

3.    <u>Scope</u>.

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that would reveal Protected Material.

/ / /

/ / /

/ / /

4.    Duration.

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until the Designating Party agrees otherwise in writing or a Court orders otherwise.

5.    Designating Protected Material.

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of materials, documents, items or oral or written communications that qualify- so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

    If it comes to a Party's or a non-party's attention that information or items that it/he/she designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it/he/she is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective

Order must be clearly so designated before such material is disclosed or produced. Designation in conformity with this Protective Order requires:

5.2(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" prominently on each page that contains protected material. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential") on each page that contains Protected Material.

5.2(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential."   When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential).  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective

Order.  If a party invokes the right to identify specific portions within 20 days the transcript shall be treated Confidential for 20 days to allow the designating party to identify the specific portions and the level of protection being asserted.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must prominently affix on each such page and the cover page of the bound material the legend "Confidential" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. Arrangements shall be made with the court reporter taking and transcribing information designated as "Confidential" to label such portions accordingly.

5.2(c) <u>for information produced in some form other than in documentary, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item(s) is stored the legend "Confidential."  If only portions of the information or item(s) warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

5.3    <u>Inadvertent Failure to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as  "Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  If any Disclosure or Discovery Material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>Challenging Confidentiality Designations</u>.

6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay

of the litigation, a Party does not waive its/ his right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.    A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly  with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its or his belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it or he has engaged in this meet and confer process first.

6.3    Judicial Intervention.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local rule 79-5, if applicable) that identifies the challenged Disclosure or Discovery Material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    Access To And Use Of Protected Material.

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with one

or more of the Related Federal Actions, as defined herein, only for prosecuting, defending, or attempting to settle one or more of the Related Federal Actions, i.e., an action that is subject to the Parties' executed Plan For Voluntary Coordination Of Case Management And Discovery In Related Actions ("the Coordination Plan").

Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order and the Coordination Plan.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Order.

7.2    <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

7.2(a) the Receiving Party, including its or his officers, directors, and employees to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

7.2(b) Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

7.2(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

7.2(d) the Court, any settlement mediator, or their personnel;

7.2(e) court reporters, videographers and their staffs;

7.2(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

7.2(g) during their depositions, witnesses in the litigation to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

7.2(h) the author(s), recipient(s), or original source(s) of the Protected Material.

8.    <u>Protected Material Subpoenaed Or Ordered Produced In Other Litigation</u>.

If a Receiving Party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this litigation as "Confidential," the Receiving Party must so notify the Designating Party in writing (by email, if possible) and in no event more than three (3) court days after receiving the subpoena or Court order.  Such notification must include a copy of the subpoena or Court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the Protected Material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its/his confidentiality interests in the court from where the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material –

and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this litigation to disobey a lawful directive from another court.

9.      Unauthorized Disclosure Of Protected Material.

If a Receiving Party learns that, by inadvertence or otherwise, it/he has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its/his best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

10.     Filing Protected Material.

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this litigation any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with any applicable Civil Local Rules governing filing of materials under seal, such as the United States District Court for the Central District of California's Civil Local Rule 79-5.

11.     Stipulation Effective Upon Execution:    The Parties agree that this Stipulation is effective and binding upon the Parties as of the last date of execution by any Party, and remains effective and binding notwithstanding the whether a Motion for entry of Protective Order has been filed, is pending and/or has been denied in any of the Related Federal Actions.

/ / /

12.    <u>Final Disposition</u>.

Unless otherwise ordered or agreed in writing by the Producing Party, after the final termination of this action, including any appeals, if a Producing Party requests in writing that the Receiving Party return or destroy of any or all of the Designating Party's Protected Material, within sixty (60) business days of such request, the Receiving Party must submit a written certification to the Designating Party that all Protected Material was returned or destroyed, including any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel may retain an archival set of copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, attorney work product and Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order including but not limited to as set forth in Section 4 above.

13.    <u>Miscellaneous</u>.

13.1    <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it/he otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.
Dated: October 18, 2010

_____
HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDE

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California, Central Division on _____ [date] in the case of *Soltman, et al., v. Jackson National Life Insurance Company, Inc.*, USDC Case No. 2:10-cv-612 R (RZx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this litigation or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
          [signature]